JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-CV-9457-RGK-AJWx | Date | December 15, 2011 |
|---|---|---|---|
| Title | ***PARHUM ZAHEH v. IKON OFFICE SOLUTIONS, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Remand Action to State Court

On September 20, 2011, Parhem Zaheh, on behalf himself and all similarly situated employees (collectively, "Plaintiff"), filed suit against employer Ikon Office Solutions, Inc. and Ricoh Americans Corporation. (collectively, "Defendants"). In his Class Action Complaint, Plaintiff asserts state statutory claims under the California Labor Code and the California Business and Professions Code.

On November 14, 2011, Defendants removed the action to this Court alleging federal jurisdiction due to diversity of citizenship. Upon review of the Complaint and Defendants' Notice of Removal, the Court finds that Defendants have failed to meet their burden of showing federal subject matter jurisdiction.

Under the Class Action Fairness Act (CAFA), district courts shall have original jurisdiction over any civil action where (1) the number of members of the proposed plaintiff class is more than 100, (2) the amount in controversy exceeds $5 million dollars (exclusive of interest and costs), and (3) any plaintiff is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d).

Defendants adequately show that the parties are citizens of different states and Plaintiffs allege a class of at least 300 members, exceeding the 100 member requirement. Defendants attempt to show that the amount in controversy exceeds $5 million as a legal certainty but do not succeed on the facts alleged.

A defendant attempting to remove a case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). In the Ninth Circuit, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Lowdermilk*, 479 F.3d at 1000). Here, Plaintiffs allege in their Complaint that the amount in controversy does not exceed $5 million. In this situation, Defendants must

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | 2:11-CV-9457-RGK-AJWx | Date | December 15, 2011 |
|---|---|---|---|
| Title | *PARHUM ZAHEH v. IKON OFFICE SOLUTIONS, INC., et al* | | |

show to a legal certainty that, despite Plaintiff's allegation, the amount in controversy will exceed $5 million.

     Defendants calculate the amount in controversy by making significant assumptions. Plaintiff alleges in his complaint that his individual damages exceed the minimum jurisdictional limits of the Superior Court, which is $25,000. (*See* FAC at ¶ 6.) Based on this allegation, Defendants state that the amount in controversy for the class must be at least $7.5 million, based on multiplying $25,000 by 300 class members. Defendants' calculations assume that each and every member of the class must have suffered at least $25,000 in damages. However, Defendants do not present any facts to support this assumption. The same is true for Plaintiff's other claims for statutory penalties. Defendants ask the Court to speculate as to the amount in damages sustained by each class member for unreimbursed business expenses, as well as the amount of compensation for each of the class member. Such speculation does not meet the "legal certainty" standard. The Court cannot base its jurisdiction on Defendants' speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). As in *Lowdermilk*, even with the inclusion of attorneys' fees in the calculation, Defendants are no closer to carrying their burden because there is no basis for estimating the claims of the individual class members. *Id.* Accordingly, Defendants have failed to prove with legal certainty that the amount in controversy meets CAFA's jurisdictional requirement.

     In light of the foregoing, the Court finds no subject matter jurisdiction over this case, and remands the action to state court for all further proceedings.

     **IT IS SO ORDERED.**

                                                                                                                                      :

                                                                                              Initials of Preparer